(No. 31518.—

ADELA KLOWAS, Defendant in Error, *vs.* HELEN ZACH, Plaintiff in Error.

*Opinion filed November 27, 1950—Rehearing denied Jan. 15, 1951.*

CHANCELLOR & CHANCELLOR, of Chicago, for plaintiff in error.

JOHN A. BROWN, of Chicago, for defendant in error.

Mr. JUSTICE GUNN delivered the opinion of the court:

This case comes before us upon an original writ of error issued out of this court to the Appellate Court for the First District upon a *praecipe* signed by the appellant in said Appellate Court. The case does not purport to be here by virtue of any order entered on a petition for writ of error or for leave to appeal, or certificate of importance, or be-

cause a writ of error is allowable as a matter of right, but is solely upon application for a *scire facias* to review the order of the Appellate Court for the First District.

This case was originally filed in the municipal court of Chicago by plaintiff, Adela Klowas, to obtain possession of certain premises from plaintiff in error, Helen Zach. An answer was filed, a hearing had by the court, and judgment entered awarding the possession of said premises to the plaintiff, Klowas. An appeal was taken to the Appellate Court for the First District by notice of appeal and bond given in the sum of $300. On March 8, 1950, the appeal of defendant, Helen Zach, was dismissed for want of prosecution because no briefs or abstracts had been filed in accordance with the rules of that court. On March 22, 1950, a motion was made to vacate the order of March 8, 1950, and to file briefs *instanter,* which was denied and the order of dismissal remained in full force and effect. On April 12, 1950, a motion was made in the Appellate Court to recall the mandate until time for leave to appeal to the Supreme Court had expired, and this motion was granted and a *supersedeas* awarded.

No petition for leave to appeal said cause has ever been filed in this court, but on March 24, 1950, plaintiff in error, Helen Zach, defendant in the municipal court, filed her *praecipe* for *scire facias* for writ of error to review the said proceeding in the Appellate Court. It must be instantly apparent that we have no jurisdiction of this cause. Section 74 of the Civil Practice Act (Ill. Rev. Stat. 1949, chap. 110, par. 198,) provides that "Every order, determination, decision, judgment or decree, rendered in any civil proceeding, if reviewable * * * shall hereafter be subject to review by notice of appeal, and such review shall be designated an appeal and shall constitute a continuation of the proceeding in the court below. Such appeal shall be deemed to present to the court all issues which heretofore have been presented by appeal and writ of error." This pro-

cedure was not followed by plaintiff in error, but she has attempted to bring a new suit by writ of error by process directly issued out of this court, without petition for leave to appeal or otherwise.

Since no petition for leave to appeal has been filed in this court, no other ground appears which would justify or authorize us to take jurisdiction of the cause. No constitutional question is alleged to have arisen in the Appellate Court, and no ground authorizing a direct appeal, as specified in section 75 of the Civil Practice Act, is in issue. There is nothing shown in the record, or pointed out in the briefs, which indicates a case has arisen which cannot be remedied by petition for leave to appeal, since it is not one of those cases where no appeal is provided by law, and where sometimes a writ of error is permissible to prevent the loss of liberty or property. No briefs have been filed by defendant in error, but it seems rather apparent that this method has been taken by the plaintiff in error for the purpose of delay, since the judgment of the Appellate Court has been stayed, pending the decision of this writ of error. The writ of error is dismissed.

*Writ of error dismissed.*